# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------X   Index No.: **700890/2015**

AURA MOODY on behalf of her                                   Date Purchased: **02/02/2015**
minor child, JM,

                   Plaintiff,                  Plaintiff designates Queens
                                                             County as the place of trial
    -against-
                                                             **SUMMONS**
NATIONAL FOOTBALL LEAGUE                                      The basis of the venue is:
                                                             Defendant's Principal Place of business.

                   Defendant.                  Plaintiff resides: 112-26 197th Street
----------------------------------------------------------X                   Saint Albans, New York 11412

To the above named Defendant:

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 20 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
         February 02, 2015                                Yours, etc.,

                                                         Stewart Lee Karlin

                                                          /Stewart Lee Karlin
                                                           STEWART LEE KARLIN, ESQ.
                                                           Attorney for Plaintiff
                                                           9 Murray Street, Suite 4W
                                                           New York, New York, 10007
                                                           (212) 792-9670

**DEFENDANTS' ADDRESS:**
**ATT: OFFICE OF THE GENERAL COUNSEL NFL**
345 Park Avenue
New York, NY 10154

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------X
AURA MOODY on behalf of her
minor child, JM,                                              Purchase Date: 02/02/2015

                     Plaintiff,                      Index No.: 700890/2015

v.

NATIONAL FOOTBALL LEAGUE,

                     Defendant.
----------------------------------------------------------X

## COMPLAINT AND JURY DEMAND

Plaintiff AURA MOODY on behalf of her minor child, JM by and through his undersigned counsel, by and through the undersigned counsel, and says:

### AS AND FOR A FIRST CAUSE OF ACTION-ADA

1. Plaintiff AURA MOODY on behalf of her minor child, (son) JM resides in Queens County and was a student of the Department of Education and a participant of the National Football League/High School Player Development Program.

2. Defendant NATIONAL FOOTBALL LEAGUE (hereinafter "NFL") is an unincorporated nonprofit association with its principal place of business in New York City and is within the jurisdiction of this Court.

3. Defendant NFL is a professional American football league of 32 teams, divided equally between the National Football Conference (NFC) and the American Football Conference (AFC).

4. Defendant NFL, in relevant part, also directs and manages the National Football League/High School Player Development Program in New York.

1

5. This court has concurrent jurisdiction over the subject matter of this proceeding pursuant to pursuant to 28 U.S.C. § 1331.

6. The NFL is a recipient of federal financial assistance as defined by Section 504 (29 U.S.C. 794) and the regulations promulgated thereunder. 34 C.F.R. § 104.33.

7. The NFL High School Player Development program (hereinafter NFL/HSPD) which the NFL manages and operates, addresses challenges facing high school football programs across the country focusing primarily on underserved communities. HSPD serves as a free resource for both high school players and coaches. The program emphasizes safety and concussion awareness, character development and life skills, and football fundamentals.

8. The amount in controversy exceeds the minimum jurisdiction of this Court.

9. Both the stadium where the NFL/HSPD tournament takes place and the places where the program takes place are places of public accommodation.

10. JM is a qualified individual (Type 1 Diabetes Mellitus) with a disability in that he met the essential requirements for the receipt of services and reasonable accommodations.

11. The NFL/HSPD was advised of JM's disability and was provided medical documentation.

12. JM met the essential requirements for the receipt of services but the access to services was denied due to his disability. The actions set forth below had a profound and ever lasting impact on JM. These actions are deliberate, and intentional discrimination.

13. During the summer of 2012, JM participated in the tournament sponsored by the NFL/HSPD, which provides high school football players from across the United States the opportunity to develop their skills in the sport. The program enables high school players to compete in a play against other top players from around the country.

2

14. For the 2012 tournament, 32 teams participated, one for each team in the NFL. Each team sent 12 students. The New York City's team played under the banner of the New York Jets.

15. Various teams from Manhattan, Queens, Brooklyn and The Bronx competed against one another in a citywide tournament for the right to send 12 of their own students-athletes to represent New York City in the national tournament held in Indianapolis (Indiana) from July 12 through July 15, 2012, based on the team's winning record.

16. JM participated with the Queens program.

17. On June 23, 2012, JM's team had a competition at a football field in Brooklyn and was victorious in the citywide tournament. As instructed by the coaches/organizers (at the time they won), on June 25, 2012, his team reported to the Roy Wilkins Park Football Field for practice and trip arrangements. This was done in preparation for the national competition.

18. At that time JM was unexpectedly told by the August Martin High School Football Coach (operating with the NFL/HSPD) in the presence of his teammates and the Flushing High School Football Coach, that JM "was not traveling with his winning team to Indianapolis, but he could stay for practice." JM's parents were not notified of the decision and instead JM was publicly humiliated in front of his teammates.

19. JM was replaced by a player from the losing team who attended Jamaica High School. This was despite the fact that JM was a far better player.

20. JM was emotionally devastated and humiliated in the presence of his teammates.

21. The NFL/HSPD is geared to high school juniors only and would be a significant benefit in securing football scholarships in College.

22. On information and belief, many of the players who went to Indianapolis did not

3

attend all practices, were not performing well academically or behaviorally. For instance, a football player who went to Indianapolis was later removed from the Bayside High School Football Team because he was allegedly underperforming. He was later reinstated to the football team after an appeal football players.

23. Conversely, JM met all his requirements. In addition, during the 2012-2013 football season, JM excelled by leading the New York City High Schools in touchdowns and passing yards for several weeks, before being injured during a football game on October 7, 2012. He went All-Borough and made the All-Academic Team.

24. On December 9, 2012, the Queens High School Football Coaches Association named JM All Borough Selection 2012 Quarterback/Bowl Division in the North vs. South Q-35 Queens High School Seniors All Star Games. JM was selected as one of the New York City Football Top 120 Players for the 2012-2013 Season, as per the Public Schools Athletic League (PSAL) and the Catholic High School Athletic Association (CHSAA) as posted in the PSAL website on or about 1/8/2013.

25. JM was a recipient of citywide awards, and he was honored by the PSAL in a citywide ceremony. On January 24, 2013, he received the All-Academic 2012 Award and All-Borough 2012 Award (Quarterback) from the New York City Football Coaches Association (NYCFCA) at its All-Borough/All-City Selection Dinner held in Brooklyn. Additionally, in May 2013, Julian was selected to receive the excellence on Boys' football award by Bayside High School and he was honored on June 04, 2013.

26. Reportedly, the player from the losing team who replaced Julian did not perform well during the season.

27. The DOE coaches, operating under the umbrella of NFL/HSPD alleged that "they

4

were not aware that JM has a disability" and that "the decisions about the advancement were made strictly on the basis of athletic merit. However, this would not make sense as JM's team was victorious in the citywide tournament, JM was the best quarterback and yet JM was the only player from the winning team who was not guaranteed to advance to the tournament in Indianapolis, although he had earned his right to do so.

28.  These actions against JM have a profound and ever lasting impact on him including irreparable damage to his academic career and professional career.   These actions were deliberate, and intentional discrimination.

29.  As a result of the foregoing conduct, the NFL has violated. Section 504, 29 U.S.C.§ 794 and the regulations promulgated thereunder resulting in plaintiff being damaged.

30.  The defendant, the NFL violated the Rehabilitation Act, 29 U.S.C. Section 504, et seq. by discriminating against JM.

31.  The coaches from the DOE who were operating under the umbrella of the NFL also retaliated against JM due to Plaintiff (his mother) advocating on behalf her son JM by previously filing a lawsuit in federal court against the DOE resulting in Plaintiff being damaged.

## VI.  **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court grant her judgment containing the following relief:

    a.  a declaration that the NFL has violated Section 504 of the Rehabilitation Act and any other equitable relief that the Court deems necessary to correct the conditions complained of herein,

    b.    An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury.

    c.    An award of reasonable attorney's fees and the costs of this action; and

    d.    Such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

Dated: New York, New York
       February 02, 2015

Yours etc.,

Stewart Lee Karlin

/Stewart Lee Karlin
STEWART LEE KARLIN
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, NY 10007
(212) 792-9670
slk@stewartkarlin.com

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
      February 02, 2015

                                      /Stewart Lee Karlin
                                     STEWART LEE KARLIN, ESQ.